

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2008

# El Hefnawy v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2895

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"El Hefnawy v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1250.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1250

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-2895 and 07-1167
_____

MOHAMED H. EL HEFNAWY,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from the
Orders of the Board of Immigration Appeals
(Board No. A96-203-762)
Immigration Judge:  Michael W. Straus
_____

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2008

Before:  SCIRICA, *Chief Judge*, FISHER and ROTH, *Circuit Judges*.

(Filed: May 9, 2008 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Mohamed El Hefnawy seeks review of two orders of the Board of Immigration

Appeals ("BIA") denying his motions to reopen his case.  El Hefnawy asserts that his

motions to reopen should be granted for two reasons: he is married to a legal resident alien who is about to be naturalized, and he was prejudiced by his former attorney's ineffective representation. For the reasons that follow, we will dismiss the petitions in part and deny in part.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

The legal and factual history of this case is convoluted. El Hefnawy entered the United States with a valid visitor's visa in 2001. He subsequently began to pursue residency through the employment-based process. His employer filed a Labor Certification on his behalf in November 2001. In October 2004, the Department of Labor rejected the Certification because it was improperly filed.

El Hefnawy married Abir El Haddad, a legal permanent resident, in March 2003 during the pendency of his Labor Certification. El Hefnawy was placed in removal proceedings in May 2003, and in June 2003, his wife filed on his behalf an I-130 Petition for Alien Relative and an I-485 application to adjust his status to Permanent Resident.

On June 30, 2005, the removal proceedings culminated in El Hefnawy being granted a voluntary departure date of October 28, 2005. On October 19, 2005, El Hefnawy's attorney filed a motion to reopen based on the fact that El Hefnawy's wife had

2

applied for naturalization. The motion stated: "Upon the approval of Respondent's wife's application, Respondent will have an immediate visa number available and wishes to then file for Adjustment of Status."

A properly filed motion would have tolled the voluntary departure date. *Kanivets v. Gonzales*, 424 F.3d 330, 335 (3d Cir. 2005). However, El Hefnawy's attorney failed to pay the filing fee until November 7, 2005, after the voluntary departure date had passed. Therefore, the Immigration Judge ("IJ") denied the motion to reopen because it had been improperly filed. El Hefnawy, unaware that his attorney had failed to properly file the motion, remained in the United States. Thus, he became subject to sanctions. *See* 8 U.S.C. § 1229c(d) (providing that an alien failing to comply with his voluntary date will be ineligible for adjustment of status for ten years).

El Hefnawy appealed the IJ's denial of his motion to reopen, and the BIA affirmed the denial. The BIA stated that El Hefnawy was not prima facie eligible for adjustment of status because his wife was not yet a U.S. citizen. Represented by new counsel, El Hefnawy filed a petition for review by this Court.

In addition, in July 2006, El Hefnawy filed a disciplinary complaint against his former attorney. In September 2006, El Hefnawy filed a second motion to reopen in accordance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988) (providing substantive and procedural requirements for aliens to obtain relief for ineffective assistance of counsel). In December 2006, the BIA denied the second motion to reopen,

3

again stating that El Hefnawy's wife was not yet a U.S. citizen and therefore El Hefnawy had failed to show the required prima facie eligibility for relief. El Hefnawy filed a second petition for review by this Court. The two petitions for review were consolidated and are now before us.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). In cases where the BIA adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we review the decisions of both the IJ and the BIA. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). "[W]e review the [BIA's] denial of a motion to reopen for abuse of discretion." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153 (3d Cir. 2007) (quoting *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004)).

## III.

In his second motion to reopen before the BIA and in his petition to this Court, El Hefnawy gives two rationales for granting the relief he requests.

## A.

First, El Hefnawy argues that the BIA abused its discretion by failing to consider that he will soon become eligible for a visa based on his wife's pending naturalization. To prevail on a motion to reopen, an alien must "establish a prima facie case for the relief sought." *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). Each time the BIA denied El Hefnawy's motions to reopen, it noted that he was not prima facie eligible for adjustment

4

of status because his wife was not a U.S. citizen. El Hefnawy admits that when he filed his motions to reopen, his wife was not a citizen. Therefore, he was not prima facie eligible for relief, and it was not an abuse of discretion for the BIA to deny his motions to reopen. To the extent that El Hefnawy petitions for review on this basis, we will deny the petitions.

B.

Second, El Hefnawy argues that he should be able to "reclaim" the voluntary departure date that was lost when his former attorney failed to properly file a motion to reopen. By arguing that he should be able to "reclaim" his voluntary departure date, El Hefnawy is effectively asking for a reinstatement and extension of his voluntary departure date. We lack the power to provide this relief.

We have previously considered the question of whether we have jurisdiction to reinstate a voluntary departure date, and we have concluded that we do not. *Reynoso-Lopez v. Ashcroft*, 369 F.3d 275, 280-82 (3d Cir. 2004). Federal regulations provide:

> Authority to extend the time within which to depart voluntarily specified initially by an immigration judge or the Board is only within the jurisdiction of the district director, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs. An immigration judge or the Board may reinstate voluntary departure in a removal proceeding that has been reopened for a purpose other than solely making an application for voluntary departure if reopening was granted prior to the expiration of the original period of voluntary departure.

8 C.F.R. § 1240.26(f). Thus, in *Reynoso-Lopez*, we determined that "the authority to reinstate or extend voluntary departure falls solely within the discretion of the Attorney

5

General and his delegates at the INS . . . . [T]he executive branch, not the judiciary, is given the sole authority to determine when an alien must depart." 369 F.3d at 280.

In addition, we are statutorily deprived of jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229c [governing the granting of voluntary departure]." 8 U.S.C. § 1252(a)(2)(B)(i). Since El Hefnawy asked the BIA to reopen the proceeding so that he could "recapture" his eligibility for voluntary departure, the BIA's denial of his motion to reopen is a "judgment regarding the granting of relief under section . . . 1229c," and we do not have jurisdiction to review it.

Because we lack the power to reinstate or extend El Hefnawy's voluntary departure date, we need not reach his argument that he is eligible for relief under *Lozada* due to his attorney's ineffectiveness. 19 I. & N. Dec. at 637. To the extent that El Hefnawy petitions for reinstatement and extension of his voluntary departure date, we will dismiss the petitions for lack of jurisdiction.

IV.

For the foregoing reasons, we will dismiss El Hefnawy's petitions for review in part and deny them in part.